UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**Susan Fischer**
928 South Street
DeForest, WI 53532

        Plaintiff,

vs.

Case No.   13-cv-506

**Group Short Term Disability Plan for
Employees of Associated Banc-Corp**
Director of Benefits & Associate Services
1200 Hansen Road
Green Bay, WI 54304

**Group Long Term Disability Plan for
Employees of Associated Banc-Corp**
Director of Benefits & Associate Services
1200 Hansen Road
Green Bay, WI 54304

and

**ReliaStar Life Insurance Company**
CT Corporation System
8040 Excelsior Drive, Suite 200
Madison, WI 53717

        Defendants.

## COMPLAINT

The Plaintiff, Susan Fischer, by her attorneys, Hawks Quindel, S.C., for her complaint against the above-named Defendants, hereby states as follows:

## PARTIES

1. Plaintiff is an adult resident of the State of Wisconsin and currently resides in DeForest, Wisconsin.

2. Defendant, Group Short Term Disability Plan for Employees of Associated Banc-Corp ("the STDI Plan"), on information and belief, is an employee welfare benefit plan subject to the Employee Retirement Income Security Act of 1974 ("ERISA") as amended.

3. Defendant, Group Long Term Disability Plan for Employees of Associated Banc-Corp ("the LTDI Plan"), on information and belief, is an employee welfare benefit plan subject to the Employee Retirement Income Security Act of 1974 ("ERISA") as amended.

4. Defendant, ReliaStar Life Insurance Company ("Insurance Company"), on information and belief, is a corporation organized under the laws of the state of Georgia, licensed to do business in Wisconsin and is the insurer of both the STDI and LTDI plans.

## JURISDICTION & VENUE

5. As described more fully below, this is an action by a participant in an employee welfare benefit plan governed by ERISA to enforce the provisions of the Plan pursuant to ERISA §502(a)(3).

6. Jurisdiction over this action is conferred upon this court because the claims herein arise under ERISA.

7. Venue is proper in the Western District of Wisconsin pursuant to ERISA § 502(e)(2) and 28 U.S.C. § 1391(b), because a substantial part of the events and omissions giving rise to these claims occurred in this district and, because, in substantial part, the breaches asserted herein took place in this district.

8. Plaintiff has exhausted her administrative remedies as a condition precedent to filing this action.

FACTS

9. Plaintiff was employed by Associated Banc-Corp ("Employer") as a Senior Bank Manager. As of June 20, 2012, Plaintiff could longer perform the duties of Plaintiff's occupation due to her disabling condition.

10. During the course of Plaintiff's employment with Employer, Plaintiff became eligible for certain employee benefits, including the short-term disability insurance ("STDI") and long-term disability insurance ("LTDI") benefits provided by the STDI and LTDI Plans, respectively.

11. The STDI Plan purports to provide financial protection for eligible employees who become disabled, by paying said disabled employees 80% of their pre-disability earnings for up to 13 weeks. In Plaintiff's case, her pre-disability earnings were $1,211.54 per week. 60% of that amount is $726.92 per week.

12. The LTDI Plan purports to provide financial protection for eligible employees who become disabled by paying said disabled employees 60% or their pre-disability earnings, $726.92 per week in Plaintiff's case.

13. Defendants have denied Plaintiff's STDI benefits claim in its entirety (June 28, 2012 – September 27, 2012). The basis for Defendants' denial of Plaintiff's STDI benefits claim was stated in a letter dated October 23, 2012.

14. Plaintiff attempted to apply for LTDI benefits, but was not allowed to do so because her claim for STDI benefits was denied.

15. Plaintiff was able to return to work as of November 5, 2012. As such, her claim for LTDI benefits terminates on November 4, 2012.

16. Plaintiff timely appealed Defendants' denial of Plaintiff's STDI benefits claim.

17. Plaintiff submitted complete medical documentation in support of her disability as part of the appeal.

18. Plaintiff submitted all information requested by the Insurance Company.

19. Defendants failed to consider the issues raised in Plaintiff's administrative appeals.

20. Defendants ignored clear medical evidence of Plaintiff's medical conditions and disability.

21. Defendants did not afford Plaintiff a reasonable opportunity for a "full and fair review" of Plaintiff's claim.

22. Defendants failed to notify Plaintiff of the additional material necessary in order for Plaintiff to perfect her claim and an explanation of why that material was necessary.

23. Defendants failed to adequately explain why they rejected specific evidence in Plaintiff's file.

24. Defendants failed to engage in a meaningful dialogue with the Plaintiff.

25. Defendants failed to adequately explain their reasons for denying Plaintiff benefits.

26. Defendants conducted a selective review of Plaintiff's medical records.

27. From June 20, 2012 until November 4, 2012, Plaintiff was disabled as defined by the Plans.

28. At all times material to this case, the Plans have remained in full force and effect.

29. Defendants' denial of STDI and LTDI benefits caused Plaintiff to suffer the loss of benefits and to incur expenses.

## FIRST CAUSE OF ACTION:
## DENIAL OF STDI & LTDI BENEFITS IN VIOLATION OF
## SECTION 502(a)(1)(B) OF ERISA

30. The preceding paragraphs are reincorporated by reference as though set forth here in full.

31. Since June 20, 2012, Plaintiff has been disabled, as that term is defined by the Plans.

32. Pursuant to *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989), the proper standard of review is *de novo* as the Plans have not granted the

5

administrator discretionary authority to determine eligibility for benefits or to construe the Plans' terms.

33. Defendants wrongfully denied STDI benefits due to Plaintiff as of June 28, 2012 and refused to review her claim for LTDI benefits.

34. Alternatively, if the arbitrary and capricious standard of review applies, then Defendants arbitrarily and capriciously denied Plaintiff benefits

35. Defendants have interpreted and applied the terms and conditions of the Plan in a manner that is inconsistent with the plain language contained therein.

36. Upon information and belief, Defendants have inconsistently interpreted the terms and conditions of the Plan from one case to the next.

37. As both the payer of claims and the adjudicator of claim eligibility, Insurance Company has an inherent conflict of interest.

38. Defendants' denial of Plaintiff's STDI & LTDI benefits was "downright unreasonable."

39. For these and other reasons, Defendants acted in violation of Section 502(a)(1)(B) of ERISA, when it wrongfully denied Plaintiff's claim for LTDI benefits.

**WHEREFORE** the Plaintiff, Susan Fischer, demands judgment from the Defendants for the following:

A. Payment of all retroactive STDI & LTDI benefits owed to Plaintiff under the terms and conditions of the Plan;

B.  Prejudgment interest;

C.  Reasonable attorney's fees and costs related to the action; and

D.  Such other and further relief that the Court deems just and equitable.

Dated: July 18, 2013

                **HAWKS QUINDEL, S.C.**

     By: _/s/ William E. Parsons_
           William E. Parsons, State Bar No. 1048594
           Email: wparsons@hq-law.com
           Danielle M. Schroder, State Bar No. 1079870
           Email: dschroder@hq-law.com
           222 West Washington Avenue, Suite 450
           Post Office Box 2155
           Madison, Wisconsin 53701-2155
           Telephone: 608/257-0040
           Facsimile: 608/256-0236

           Attorneys for Plaintiff, Susan Fischer